■ STERLING POWER PARTNERS, L.P., Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent. [657 NYS2d 604] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered November 24, 1995, dismissing the complaint, and bringing up for review an order which granted defendant summary judgment upon a search of the record, unanimously affirmed, without costs. The appeal from the order, same court and Justice, entered on or about October 31, 1995, is unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The 1988 power purchase agreement in issue, as amended, provided for an annual baseline of 450,000 megawatts to be produced by plaintiff and purchased by defendant. Plaintiff's facility was not in full operation until 1991, at which time it started to produce, and defendant started to purchase, all of the electricity produced in accordance with the agreement. In 1992 (L 1992, ch 519, § 4), Public Service Law § 66-c, which governs the agreement, was amended to add a subdivision (2) providing a new pricing mechanism for, *inter alia*, production exceeding contract baselines such as that which defendant was required to purchase. Plaintiff, seeking to maintain the same rate for all output, including output exceeding the contract baseline, claims the benefit of the former statute by virtue of a savings clause in the amendment. The savings clause continues the same pricing for facilities performing under pre-1992 contracts but producing in excess of the contract baseline for

the *year prior to the effective date of the amendment*. On the effective date of the amendment, however, plaintiff had not been producing electricity for a full year. Plaintiff contends that the portion of the year that it did operate should be annualized to project what it would have produced over a 12-month period, which would have exceeded the contract baseline, thus enabling it to receive full payment for its total output under the savings clause.

There is no support for this mathematical construct in the statute, which clearly contemplates a track record of at least one year's receipt of full payment for total output above the contract baseline as a predicate for the continued receipt of such payment.

*Energy Tactics v Niagara Mohawk Power Corp.* (219 AD2d 577) does not support plaintiff's position, since it addressed only whether the utility was required to purchase output above and beyond the contractual baseline, which defendant presently does not dispute, and not how much to pay, and, moreover, did not rule on section 66-c (2).

We have considered plaintiff's remaining contentions, including that there are unresolved issues of fact, and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.